# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MARRUFO,<br><br>      Petitioner,<br> vs.<br>UNITED STATES OF AMERICA,<br><br>      Respondent. | CASE NO. 07cv405 BTM<br>     03cr3088 BTM<br><br>**ORDER DENYING PETITIONER'S MOTION PURSUANT TO § 2255** |

  On March 2, 2007, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which he is serving pursuant to a judgment of this Court entered on January 27, 2005. In his motion, Petitioner argues that his conviction was obtained through the use of evidence which was seized in violation of his Fourth Amendment right to be free of unreasonable searches and seizures. In particular, Petitioner argues that the methamphetamine discovered in his automobile was found in the course of an unlawful search and seizure at a Border Patrol checkpoint. The search was allegedly unconstitutional because the checkpoint was not being used for immigration purposes, but rather drug interdiction, in violation of the rule announced in <u>City of Indianapolis v. Edmond</u>, 531 U.S. 32 (2000).

  This argument was already raised and rejected in Petitioner's direct appeal of his conviction to the Ninth Circuit. [<u>See</u> Doc. #99] In its June 5, 2006 memorandum disposition, the Court of Appeals stated:

> We reject Marrufo's claim that the border control checkpoint performs unconstitutional suspicionless seizures. *See United States v. Martinez-Fuerte,* 428 U.S. 543 (1976); *United States v. Soto-Camacho,* 58 F.3d 408, 411-12 (9th Cir. 1995) (finding that suspicionless administrative seizures at a border control checkpoint with the dual purpose of interdicting illegal drugs and aliens do not violate the fourth amendment). These cases remain valid following *City of Indianapolis v. Edmond* . . ..

*Id.* at 4. Because Petitioner's motion is based upon an ground previously determined "on the merits" by the Court of Appeals, and because there has been no showing of manifest injustice or change in the relevant law, the motion is properly denied. Polizzi v. United States, 550 F.2d 1133, 1135-36 (9th Cir. 1976) (citing Kaufman v. United States, 394 U.S. 217, 227 n. 8 (1969)); accord Clayton v. United States, 447 F.2d 476 (9th Cir. 1971).

Based upon a review of Petitioner's motion and brief in support of that motion, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, this Court finds that Petitioner is plainly not entitled to relief. Therefore, the motion is **DISMISSED**.

**IT IS SO ORDERED.**

DATED: May 21, 2007

*/s/ Barry Ted Moskowitz*

Hon. Barry Ted Moskowitz
United States District Judge